UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | |
|---|---|
| JEFFREY NEIL BACK, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 15-058-DCR |
| ) | |
| V. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Jeffrey Back (hereafter, "Back" or "the Claimant") and Defendant Carolyn Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 10, 11] Back argues that the administrative law judge ("ALJ") assigned to his case erred by finding that he is not entitled to a period of disability or disability insurance benefits. [Record No. 10] He requests that the Court reverse the ALJ's decision and remand the case for further proceedings. *Id.* The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 11] For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Back.

**I.**

On September 6, 2012, Back applied to receive disability benefits under Title II of the Social Security Act ("the Act"). [Record Nos. 10-1, p. 2; 11, p. 1] Back claims that he

-1-

stopped working as an electrician on July 26, 2012, and his disability began on August 2, 2012. [Administrative Transcript "Tr.," p. 208] When the Social Security Administration originally denied the claim on December 11, 2012, Back filed for reconsideration, contending that his condition had worsened. [Tr. 62-73, 251] However, the Social Security Administration again denied the claim on February 26, 2013. [Tr. 75-84] ALJ Michele M. Kelley was assigned to the case, and on August 20, 2014, conducted an administrative hearing via video conference. [Tr. 31-60] Back's attorney William Grover Arnett, and vocational expert Anthony T. Michael Jr., appeared at the hearing with the Claimant. *Id.*

By decision dated September 26, 2014, Kelley found that Back suffered from the following severe impairments: T9 fracture status post fusion surgery, mild degenerative disc disease of the lumbar spine with L5/S1 herniation, moderate disc space narrowing at C6/7, and chondromalacia of the left patella with meniscal tears and cysts. [Tr. 15] However, Kelley concluded that none of Back's impairments met or medically equaled any of the listings in 20 C.F.R. Part 404, Subpart P, Appendix I. [Tr. 18] Kelley then found that,

> the claimant has the residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b). The claimant can lift and carry, push and pull 20 pounds frequently and 30 to 45 pounds occasionally. He can walk and stand six hours in an eight-hour workday and sit six hours in an eight-hour workday. He can occasionally climb ramps or stairs, stoop, kneel, crouch, and crawl. He cannot climb ladders, ropes, or scaffolds. He can frequently reach overhead bilaterally. He should avoid even moderate exposure to work hazards including unprotected heights, inherently dangerous machinery or tools, or uneven surfaces.

[Tr. 18-19]

After considering Back's age (50 on the date the alleged disability began), education (twelfth grade), work experience, and RFC, the ALJ concluded that Back could perform a

significant number of jobs that exist in the national economy including routing clerk, non-governmental mail clerk, surveillance system monitor, and sorter.  [Tr. 22-23]  Kelley denied Back's claim, holding that he was not disabled under sections 216(i) and 223(d) of the Act. 42 U.S.C. §§ 416(i), 423(d).  [Tr. 24]  The Social Security Administration subsequently denied Back's request to review the ALJ's decision.  [Tr. 1-4]

**II.**

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied.  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).  If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

ALJs rely on "a five-step 'sequential evaluation process'" when making Social Security disability determinations.  *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)).  First, the claimant must demonstrate that he was not engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 404.1520(b).  Second, the claimant must show that he

suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not satisfy the first or the second requirement, the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), (c). On the other hand, if the claimant meets the first and second requirements and has an impairment that is expected to last at least twelve months and meets or equals a listed impairment, the claimant is *per se* disabled. 20 C.F.R. § 404.1520(d). But if the claimant's severe impairment does not qualify as a listed impairment, the Commissioner will review the claimant's residual functional capacity [RFC] and relevant past work to determine whether he can perform his past work. 20 C.F.R. § 404.1520(f). If he can, he is not disabled. *Id.* If the claimant's severe impairment prevents him from doing past work, under the final step of the analysis, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. 20 C.F.R. § 404.1520(g). If he cannot perform other work, the Commissioner will find the claimant disabled. *Id.*

### III.

The ALJ found that Back met the first two requirements of the five-step process. [Tr. 15] Back does not contest the ALJ's determination that his impairments do not qualify as listed impairments. In fact, he only takes issue with the ALJ's RFC finding. According to Back, in analyzing his RFC, the ALJ assigned improper weight to the opinions of Dr. Ira B. Potter and Dr. Robert N. Nold. [Record No. 10-1] Back argues that the ALJ was required to give more weight to Dr. Potter, his treating physician, especially where Dr. Potter evaluated his functional capacity before and after his back surgery. *Id.* Nold, on the other hand, only examined Back prior to his surgery. Thus, the Claimant contends that the ALJ erred by

giving "little weight" to Dr. Potter's opinion and "great weight" to Dr. Nold's opinion. *See* Tr. 21-22.

An ALJ must give controlling weight to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the claimant's record. 20 C.F.R. § 404.1527(c)(2). If the ALJ determines that the treating source's opinion is not entitled to controlling weight, the regulations require him to give good reasons for this decision. *See id*. Specifically,

> [the] ALJ must apply certain factors – namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source—in determining what weight to give the opinion.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The parties do not dispute that Dr. Potter was Back's treating physician. Dr. Potter performed two functional limitation evaluations regarding Back. In the first evaluation dated October 11, 2013, Dr. Potter found that Back was limited to lifting/carrying ten to twelve pounds occasionally and five to six pounds frequently. [Tr. 289] Dr. Potter also reported that Back was only capable of standing for two hours and sitting for three hours in an eight-hour work day. *Id.* As a result, Dr. Potter concluded that Back was unable to perform his past work activity. [Tr. 291] Moreover, Dr. Potter found that Back would be unable to perform a wide variety of other tasks for a six to eight-hour work day. *Id.*

On November 28, 2012, state consultant Dr. Nold examined Back and also completed a functional limitation report. [Tr. 276-80] Dr. Nold concluded,

> The claimant may have difficulty bending and lifting items over 50 pounds. He could possibly lift 30-45 pounds on occasion and less than that more frequently. He would probably have difficulty squatting, stooping, and kneeling because of his knee problems, but other than that the claimant does not seem to be functionally impaired.

[Tr. 279]

Back claims that, during the summer of 2014, his knee gave out while he was exiting the shower, causing him to fall. [Tr. 501] On June 3, 2014, Back was admitted to St. Mary's Medical Center and diagnosed with a T9 vertebral fracture. [Tr. 494] Back underwent surgery three days later at St. Mary's to repair the fracture. [Tr. 495] On July 31, 2014, Dr. Potter completed another functional limitation evaluation. [Tr. 558-562] The second report essentially reflects the same limitations outlined in the first report. *Id.* at 560-62.

In determining Back's RFC, the ALJ explained that she gave "great weight" to Dr. Nold's opinion because he performed a "thorough clinical evaluation" and his findings "are consistent with the clinical findings of record, in particular those of Dr. Werthammer prior to and subsequent to the claimant's June 2014 surgery . . . ." [Tr. 21] But she gave "little weight" to Dr. Potter's opinion because his functional limitation findings were inconsistent with his own clinical findings. *Id.* The ALJ observed that "[c]linical findings throughout Dr. Potter's clinical history with the claimant note no significant findings other than tenderness in the shoulders, back, and knees with minimal motion loss and no motor or reflex deficits . . . ." *Id.*

After thoroughly reviewing the entire record, the undersigned agrees with the ALJ's assessment. Nothing in Dr. Potter's progress notes supports his functional limitation evaluations. During an October 17, 2012 office visit, Dr. Potter noted that Back's spinal

range of motion was "generally decreased" and that he exhibited "vertebral tenderness." [Tr. 313]  However, Dr. Potter also found that Back's straight leg test was normal, his spine showed no abnormalities, and his reflexes and motor strength were normal.  *Id.*  Additionally, Dr. Potter observed that Back had normal range of motion in his four extremities.  *Id.* at 313-14.  Those observations remained the same for all of Back's office visits before and after his surgery.  [Tr. 338-39, 346-47, 351-52, 392-93, 398-99, 406, 430, 573-74, 581, 595]

It appears that Dr. Potter based his functional limitations assessment primarily on Back's subjective complaints of pain.  Even though the records show few clinical indications of debilitating injury, Dr. Potter's notes show that Back reported extreme pain every office visit, regardless of the treatment prescribed.  On at least four office visits prior to the surgery, Back reported that his chronic low back pain was a ten on a scale of one to ten.  [Tr. 330, 337, 345, 391]  On his two post-surgery visits, Back reported that his low back pain was a nine on a ten scale.  [Tr. 579, 594]

"Subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).  Back's subjective complaints are not only negated by the objective clinical findings in the record, but also by his own admissions.  Back admitted to his surgeon Dr. Werthammer and to Dr. Potter that he only needed one pain pill in the morning to manage his pain.  [Tr. 428, 592]  At the time of his application, Back reported constant pain but also admitted that he was not taking any medication and was still

able to cook, drive, shop, take care of his personal needs, and take out the trash. [Tr. 222-224, 229-230]

As the ALJ observed, the timing of Back's disability application is suspect. Back wrote on his application that he left work because he was laid off, not because he was unable to perform his job. [Tr. 208] He also collected unemployment in 2012 and 2013, a fact that the ALJ properly characterized as "contrary to the assumption of disability." [Tr. 20] *See Workman*, 105 F. App'x at 801-02 ("Applications for unemployment and disability benefits are inherently inconsistent. . . . There is no reasonable explanation for how a person can claim disability beneifts under the guise of being unable to work, and yet file an application for unemployment benefits claiming that [he] is ready and willing to work." (internal quotation marks and citations omitted)).

In the absence of a reliable opinion by a treating physician, the ALJ correctly relied on the opinion of Dr. Nold, a consultative examiner. Dr. Nold found during his physical examination that Back had only a slight limitation of motion in his cervical spine and left knee. [Tr. 277-78] Dr. Nold also observed that Back had a normal gait, five out of five motor strength in both of his lower extremities, and normal muscle tone and bulk. *Id.* Likewise, Dr. Werthammer, a treating physician, found that Back's strength in his upper and lower extremities was a five on a one to five scale a little over a month after his surgery. [Tr. 599] He also noted normal muscle bulk and tone. *Id.* Because Dr. Nold's findings were consistent with other objective evidence in the record, the ALJ did not err by relying on his opinion.

Back also criticizes the ALJ for failing to note in her report that Dr. Werthammer prescribed that he wear a back brace for three months after surgery. [Record No. 10-1, pp. 12-13] Additionally, Back argues that the ALJ should have noted that Back was wearing the brace during Dr. Werthammer's exam. *Id.* at 12. However, Back cites no law to support his critique, and the Court fails to appreciate how these details would have changed the outcome of the ALJ's decision.

Back further contends that the ALJ should have discussed that Dr. Werthammer found his deep tendon reflexes were a two out of four. *Id.* at 13. But that detail, by itself, is insufficient to rebut the many other clinical findings indicating that Back is not disabled.

Finally, Back notes that the "ALJ failed to note that Dr. Werthammer requested a follow-up visit and that he would then schedule a repeat thoracic spine x-ray." *Id.* Again, Back fails to explain how this detail would have affected the ALJ's determination. The fact that Back continues to receive treatment does not demonstrate that he is disabled under the Act.

In short, the ALJ thoroughly explained the reasons for her RFC determination, and substantial evidence in the record supports her reasoning. While she failed to give controlling weight to a treating physician's opinion, she adequately demonstrated that the treating physician's opinion was inconsistent with the objective evidence of record.

**IV.**

For the foregoing reasons, ALJ Kelley did not err when she gave more weight to the opinion of Dr. Nold, a consultative examiner, than the opinion of Dr. Potter, the claimant's

treating physician. Further, substantial evidence supports the decision of the Social Security Administration. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Jeffrey Back's Motion for Summary Judgment [Record No. 10] is **DENIED**.

2. Defendant Commissioner Carolyn Colvin's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

3. The decision of Administrative Law Judge Michele Kelley will be **AFFIRMED** by separate Judgment entered this date.

This 9th day of June, 2016.

Signed By:
*Danny C. Reeves* DCR
United States District Judge